# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GOOD GAS, LLC, in its own interest and as statutory trustee for the royalty owners interest whose income source has stopped as a result of the Treasurer in preventing the statutory duties, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-25-1565-PRW |
| STATE OF OKLAHOMA, ex rel., OKLAHOMA STATE TREASURER AND OTHER PERSONS UNKNOWN AT THIS TIME, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Oklahoma State Treasurer and Other Persons Unknown's Motion to Dismiss and Brief in Support (Dkt. 3). Defendants filed the Motion (Dkt. 3) on December 31, 2025. Plaintiff Good Gas, LLC, who is represented by counsel, has not filed a response and its deadline to do so has passed, thus the Motion (Dkt. 3) is ripe for review. For the reasons that follow, the Motion (Dkt. 3) is **GRANTED**.

### *Background*

This is a 42 U.S.C. § 1983 action, alleging that Defendant Treasurer improperly accepted proceeds from an oil sale between Plaintiff and a third-party buyer. Thereafter, Defendant allegedly failed to immediately pay those sales proceeds to Plaintiff upon request and did so without good cause.

1

The Complaint (Dkt. 1, Ex. 2) is a mess, but as best the Court can tell, Plaintiff claims to possess "the undisputed right and duty" to sell oil from unspecified wells, to hold the portion of royalties attributable to certain unnamed royalty owners in trust, and to distribute the applicable royalties to the royalty owners.[1]

Plaintiff alleges that the third-party buyer tendered the proceeds from the transaction to Defendant, which Defendant accepted pursuant to Oklahoma's lost or unclaimed property laws. Plaintiff appears to argue that Defendant failed to issue the proceeds to Plaintiff upon demand, so that Plaintiff could subsequently remit the proceeds to each royalty owner based on his or her pro rata share. Plaintiff does not explain what authority it has to collect royalties on behalf of the unnamed royalty owners.

Plaintiff fails to allege when the transaction occurred, when the proceeds were remitted to Defendant, when Plaintiff made its demand upon Defendant for the proceeds, Defendant's asserted reason for failing to turn over the proceeds, or from which unit or well the underlying oil was produced.

Plaintiff makes a passing reference to an administrative proceeding concerning the facts in this dispute, but Plaintiff does not state which agency conducted the proceeding, though the Complaint (Dkt. 1, Ex. 2) speaks of the administrative proceeding in the present tense, suggesting that it is ongoing.

Plaintiff cites no case law in his Complaint (Dkt. 1, Ex. 2). Plaintiff asserts a claim under 42 U.S.C. § 1983 for violations of its Fourteenth Amendment rights and other

---

[1] Compl. (Dkt. 1, Ex. 2), ¶1.

unspecified constitutional and statutory rights, seeking damages in excess of $1,000,000.00. Plaintiff also seeks declaratory relief on a host of issues and brings state law claims for negligence, constructive trust, and inverse condemnation.

Defendants removed the case to this Court on December 29, 2025, and subsequently filed the present Motion (Dkt. 3), seeking to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

### *Standard of Review*

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[2] All well-pleaded allegations in a complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[3] Additionally, the Court must "draw all reasonable inferences in favor of the non-moving party[.]"[4] While factual allegations are taken as true, a court need not accept mere legal conclusions.[5] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to state a claim.[6]

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction may take the form of either a facial or factual attack.[7] A facial attack assumes the allegations in a

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[4] *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019) (citation omitted).

[5] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[6] *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

[7] *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020).

complaint are true, but fail to establish subject-matter jurisdiction.[8] Courts reviewing facial attacks brought under Rule 12(b)(1) apply the same test applied when reviewing Rule 12(b)(6) motions to dismiss.[9]

### *Analysis*

**I.     Plaintiff cannot recover damages against Defendants.**

To the extent Plaintiff seeks damages from the State of Oklahoma or the State Treasurer in his official capacity, such relief is barred by the Eleventh Amendment.[10]

**II.     The Court must abstain from exercising jurisdiction.**

To the extent Plaintiff asks the Court to interfere with a potential ongoing state administrative proceeding, the doctrine of *Younger* abstention counsels against doing so. Under *Younger*, the Court must abstain from exercising jurisdiction if "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[11]

---

[8] *Id.* (citing *Pueblo of Jemez v. United States*, 790 F.3 1143, 1148 n.4 (10th Cir. 2015)).

[9] *Garling v. United States Environmental Protection Agency*, 849 F.3d 1289, 1293 n.3 (10th Cir. 2017) (internal citation omitted).

[10] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

[11] *Amanatullah v. Colorado Bd. of Medical Examiners*, 187 F.3d 1160, 1162 (10th Cir. 1999) (citing *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)) (internal quotations omitted).

The Complaint (Dkt. 1, Ex. 2) suggests that a related administrative proceeding is ongoing, but it does not identify the tribunal, the nature of the proceeding, or its status. This lack of clarity further underscores Plaintiff's failure to provide sufficient factual detail under Rule 8, as discussed below.

But to the extent that such a proceeding is ongoing, abstention principles apply. And while altogether unclear from the Complaint (Dkt. 1, Ex. 2), Plaintiff perhaps attempts to contest the inadequacy of the Oklahoma forum with its allegation concerning an unspecified manager who works for Plaintiff, who Plaintiff claims suffers "fatal prejudice against him and companies to which he works for from prejudice because of racial and ethnic[.]"[12] To the extent Plaintiff is claiming that the administrative proceeding is inadequate because Plaintiff is incapable of receiving fair process due to racial or ethnic prejudice, this statement alone isn't a plausible allegation of inadequacy. Accordingly, to the extent the Complaint (Dkt. 1, Ex. 2) asks the Court to intervene in a matter pending before a state administrative agency, the Court declines to exercise jurisdiction to do so.

## III.    Plaintiff likely can't recover under Section 1983.

Title 42, Section 1983 allows "any citizen of the United States or other person within the jurisdiction thereof" to recover from officials acting under color of state law when those officials violate a "citizen . . . or other person['s]" federal rights. Plaintiff is a limited liability company purporting to represent the interests of unnamed royalty owners, and in

---

[12] Compl. (Dkt. 1, Ex. 2), ¶8.

Oklahoma, LLCs are unincorporated associations.[13] Tenth Circuit precedent prevents unincorporated associations from suing under § 1983,[14] since, unlike corporations, they do not fit into the statute's conception of "other person[s]"[15] While the Tenth Circuit in *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation* does not explicitly hold LLCs cannot bring § 1983 actions, it placed the onus on the LLC in that case to explain why LLCs ought to be distinguished from other unincorporated associations barred from seeking such relief under Tenth Circuit precedent.[16] Plaintiff has failed to do so.

## IV.    Plaintiff's Complaint fails to comply with Rule 8(a).

In addition to its claim for damages under § 1983, Plaintiff seeks a slew of declaratory judgments from the Court concerning the legality of Defendant's actions, but the Court has no operative facts upon which to base such declarations. As the Court explained, the Complaint (Dkt. 1, Ex. 2) fails to explain why Plaintiff is authorized to claim sales proceeds from Defendant in the first place. It simply makes conclusory allegations of wrongdoing based on barebone factual recitations. Thus, Plaintiff's Complaint (Dkt. 1, Ex. 2) does not comply with Federal Rule of Civil Procedure 8(a).

Plaintiff similarly fails to allege sufficient facts to support its state law claims.

---

[13] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F3d 1233, 1237 (10th Cir. 2015) (quoting O.S. 18 § 2001(11).

[14] *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 868 F.3d 1199, 1206 n.5 (10th Cir. 2017) (citing *Lippoldt v. Cole*, 468 F.3d 1204, 1216 (10th Cir. 2006)).

[15] *Lippoldt*, 468 F.3d at 1213–14 (citing *Monell v. New York Department of Social Services*, 436 U.S. 658, 688 n. 50 (1978)).

[16] *Becker*, 868 F.3d at 1206 n. 5 (10th Cir. 2017) (citing *id.* at 1216).

*Conclusion*

Accordingly, the Court **GRANTS** the Motion to Dismiss (Dkt. 3) and **DISMISSES** the

Complaint (Dkt. 1, Ex. 2) **WITHOUT PREJUDICE**.

      **IT IS SO ORDERED** this 28th day of April 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

7